# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| DAVID J. MOTT AND CYNTHIA L. MOTT | : |
| DEBTOR(S) | : BANKRUPTCY NO. 12-19082 |
| DAVID J. MOTT | : |
| PLAINTIFF(S) | : |
| VS. | : |
| SALLIE MAE SERVICES | : |
| DEFENDANT(S) | : ADVS NO. 13-0011 |

## OPINION

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

The Plaintiff/Debtor husband has filed suit against Sallie Mae Services, Inc. (Sallie Mae) to discharge a student loan. Sallie Mae has filed a motion to dismiss for lack of subject matter jurisdiction. Briefs were filed and oral argument was heard on February 27, 2013. The Court thereafter took the matter under advisement. For the reasons which follow, the Complaint will be dismissed without prejudice.[1]

*Defendant's Argument*

It is alleged that this is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). *See* Complaint ¶ 2. Sallie Mae's Motion squarely disputes that premise arguing that

---

[1] Because this matter involves a request to declare non-dischargeable a debt, it is within this Court's "core" jurisdiction. *See* 28 U.S.C. § 157(b)(2)(I) (including among core proceedings actions to declare a debt not dischargeable)

jurisdiction—either core or related—is lacking. Plaintiff's claim, explains Sallie Mae, is not based "on any right provided under Title 11 or related to any right provided under Title 11, nor could the resolution of the Complaint have any effect on the administration of the bankruptcy estate." *See* Motion ¶ 2. In other words, concludes Sallie Mae, there exists no jurisdictional basis for this Court to adjudicate the matter.

*Bankruptcy Court Jurisdiction*

Sallie Mae's challenge implicates a fundamental part of the federal bankruptcy system: the limited jurisdiction bestowed on bankruptcy courts to adjudicate matters. *In re Close*, 2003 WL 22697825, at *2 (Bkrtcy.E.D.Pa. Oct. 29, 2003). Title 28 provides, in pertinent part, that "the district courts shall have original but *not exclusive* jurisdiction of all civil proceedings *arising under* title 11, or *arising in* or *related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). District Courts are, therefore, empowered to refer bankruptcy matters to bankruptcy court:

> Each district court *may* provide that any or all cases under
> title 11 and any or all proceedings arising under title 11 or
> arising in or related to a case under title 11 shall be referred
> to the bankruptcy judges for the district.

28 U.S.C. § 157(a)(emphasis added). The jurisdictional reach of a bankruptcy court is defined as follows:

> [b]ankruptcy judges may hear and determine all cases under
> title 11 and all *core*[2] proceedings arising under title 11, or

---

[2] A term of art, "core" in this context derives from the Supreme Court's ruling in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858 (1982). There, the High Court held unconstitutional the jurisdictional grants of the Bankruptcy Act of 1978. Specifically, it struck down the provision which authorized Article I bankruptcy courts to hear certain matters that constitutionally could only be heard by courts whose judges are protected by the safeguards in Article III. *Id.* at 84, 102 S.Ct. at 2878 (bankruptcy courts do not constitutionally have jurisdiction over claims for breach of contract and misrepresentation, [because they] involve a right created by *state* law, a right independent and antecedent to the

> arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(b)(emphasis added).  Core proceedings include, but are not limited to–

> (A) matters concerning the administration of the estate;
>
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> (C) counterclaims by the estate against persons filing claims against the estate;
>
> (D) orders in respect to obtaining credit;
>
> (E) orders to turn over property of the estate;
>
> (F) proceedings to determine, avoid, or recover preferences;
>
> (G) motions to terminate, annul, or modify the automatic stay;
>
> (H) proceedings to determine, avoid, or recover fraudulent conveyances;
>
> (I) *determinations as to the dischargeability of particular debts*;
>
> (J) objections to discharges;
>
> (K) determinations of the validity, extent, or priority of liens;
>
> (L) confirmations of plans;
>
> (M) orders approving the use or lease of property, including the use of cash collateral;

---

reorganization petition that conferred jurisdiction upon the Bankruptcy Court") (emphasis in original).

> (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;
>
> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and
>
> (P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

28 U.S.C. § 157(b)(2) (emphasis added).

A proceeding is classified as "core" under 28 U.S.C. § 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Marcus Hook Development Park., Inc.,* 943 F.2d 261, 267 (3d Cir.1991) (quoting *Beard v. Braunstein,* 914 F.2d 434, 444 (3d Cir.1990)). Core proceedings represent those disputes so intertwined with the bankruptcy process that Congress has the power under Article I of the Constitution to direct a non-tenured judicial officer (i.e., bankruptcy judge) to render a final determination of their merits. *See* 1 *Norton Bankruptcy Law and Practice 3d,* § 4.65 (April 2013) ("The word 'core' was a shorthand word employed to signify issues and actions that traditionally formed part of the functions performed under federal bankruptcy law.")

Where a matter does not qualify as "core" but has some meaningful nexus with the bankruptcy case, it may nevertheless be heard by the Bankruptcy Court on a preliminary basis:

> A bankruptcy judge may hear a proceeding *that is not a core proceeding* but that is *otherwise related* to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the

>  district court, and any final order or judgment shall be
>  entered by the district judge after considering the bankruptcy
>  judge's proposed findings and conclusions and after
>  reviewing de novo those matters to which any party has
>  timely and specifically objected.

28 U.S.C. § 157(c)(1)(emphasis added).[3] The Third Circuit has defined a "non-core" yet "otherwise related" proceeding as one whose:

> outcome … could conceivably have any effect on the estate
> being administered in bankruptcy." *Pacor v. Higgins*, 743
> F.2d 984,994 (3d Cir.1984) (emphasis omitted); *see In re
> Guild,* 72 F.3d at 1180-81. "[T]he proceeding need not
> necessarily be against the debtor or against the debtor's
> property." *In re Guild,* 72 F.3d at 1180-81. '" A key word in
> [this test] is conceivable. Certainty, or even likelihood, is not
> a requirement. Bankruptcy jurisdiction will exist so long as it
> is possible that a proceeding may impact on the debtor's
> rights, liabilities, options, or freedom of action or the handling
> and administration of the bankrupt estate. '" *Id.* at 1181
> (quoting *In re Marcus Hook,* 943 F.2d at 264) (emphasis
> omitted).

*Halper v. Halper,* 164 F.3d 830, 837 (3d Cir.1999)(footnote omitted).

The test for determining relatedness remains the Third Circuit's *Pacor* decision. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)  There, it held that bankruptcy courts have jurisdiction to hear a proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* In *In re Marcus Hook, supra*, the Court of Appeals added the gloss that the term "conceivable" should not be understood to connote "[c]ertainty, or even likelihood" that the estate would be affected.  943 F.2d at 264.  Neither must "the proceeding [ ] be against the debtor or against the debtor's property."  *Pacor, supra*, 743 F.2d at 994.  An action is

---

[3]The statute does provide, however, that all parties may consent to the Bankruptcy Court's entry of a final judgment. *See* U.S.C. § 157(c)(2)

related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* In adopting *Pacor*, the Supreme Court established the fundamental premise that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp v. Edwards,* 514 U.S. 300, 308 n. 6, 115 S.Ct. 1493, 1499 (1995).

*Plaintiff's Contentions[4]*

Complicating the Court's determination of whether (or to what extent) jurisdiction exists is the vagueness of the Complaint. While the title of the Complaint seeks a "determination of the dischargeability of a student loan debt" and the demand is for a judgment that the claim is "wholly dischargeable," it also asks the Court to "deem the claim of Sallie Mae to be zero ($0.00)." The Court would normally not place significance on otherwise boilerplate language but for what it alleged in the body of the Complaint. There, the substantive allegations sound not at all in the way of dischargeability. Rather, they are framed as a common law claim in assumpsit and trespass. In other words, while the Complaint may be styled as one seeking a determination of discharge, in substance it contests any underlying liability for the debt. For purposes of bankruptcy court jurisdiction, these mean two very different things. The Court will thus analyze the legal viability of the complaint in two ways: first, as seeking a dischargeability ruling *per se* and, second, as seeking a judgment on the question of the Debtor's substantive

---

[4] Although it is the Defendants' Motion which is before the Court, a jurisdictional challenge places the burden of proof on the Plaintiff. See *Moore's supra*, § 12.30[5]; *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (burden of proving jurisdiction is on party asserting it); In this case, the evidentiary burden is not an issue given that the parties do not dispute the factual background.

liability for the debt.

*Dischargeability*

Actions to determine dischargeability of debts are listed among the "core" proceedings in § 157(b)(2). *See* 28 U.S.C. § 157(b)(2)(I); *see also In re Luby*, 438 B.R. 817 n.1 (Bkrtcy.E.D.Pa.2010). Regardless of whether the debt is in fact dischargeable, this Court is competent to rule on whether it is. Accordingly, the Court finds that Sallie Mae's jurisdictional challenge is unfounded. The Complaint raises a matter within this Court's core jurisdiction.

*Undue Hardship*

While the Court finds a basis of jurisdiction to be present, that does not mean that other points raised by Sallie Mae do not weigh in favor of dismissal. *See* B.R. 7015 making applicable to adversary proceedings F.R.C.P. 15(b)(2)("Where an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings.") At the hearing, Sallie Mae made the point that for a discharge of a student loan to be granted, the debtor must demonstrate undue hardship. *See* Oral Argument, 2/27/2013, at 4. Because the Complaint never mentions undue hardship, it fails to state a claim*. Id.*

Sallie Mae is correct in stating that the test is whether requiring the debtor to pay the loan constitutes an "undue hardship." *See* 11 U.S.C. § 523(a)(8) (providing that student loan shall survive discharge unless excepting such debt from discharge would impose an undue hardship on the debtor and the debtor's dependents.") While the term "undue hardship" is not defined in the Bankruptcy Code, the Third Circuit has stated how it can be demonstrated. *See In re Faish*, 72 F.3d 298, 304-305 (3d Cir. 1996)

(explaining that "undue hardship" is dependent upon three factors: (1) whether a debtor is able to maintain a minimal standard of living for themselves and their dependents if forced to repay the loans; (2) whether additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period; and (3) whether the debtor has made a good faith effort to repay the loans)

*Pleading Standard*

To state a claim under Rule 8[5] of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2).  However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

*Allegations*

Plaintiff alleges that that he obtained a student loan from Sallie Mae in the amount of approximately $28,000; that Sallie Mae paid such loan proceeds to the technical school Computer Training.com; that the loan terms included a notice that Sallie Mae would be subject to any defenses that the Debtor might have against ComputerTraining.com; and that, as a result, Sallie Mae is subject to the claims which Debtor has raised against Computer Training.com.  *See* Complaint ¶¶ 5-8.  The next 21

---

[5] Made applicable to adversary proceedings by B.R. 7008(a).

allegations of the Complaint are limited to how ComputerTraining.com defaulted on its agreement with Debtor, misrepresented—both negligently and intentionally—that it would provide Debtor with technical training, and otherwise unjustly enriched itself at Debtor's expense. *Id.* ¶¶ 9-33. If it is Debtor's position that he is not able—either now or for the foreseeable future—to repay any part of the Sallie Mae loan, then the Court cannot tell that from reading the Complaint. Indeed, if one were to ignore both the title of the complaint and the demand for relief, and read, instead, only the body of the pleading, then one would think that this is a common law action in assumpsit and trespass. The focus of the allegations is entirely on the alleged wrongful conduct of the computer school. There is no allegation that repayment of the loan would impose a burden on the Debtor and his family. Accordingly, to the extent that what is sought here is a determination that the student loan is dischargeable, the claim is legally insufficient on its face and must be dismissed, albeit without prejudice. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (explaining that Rule 12(b)(6)'s pleading standard requires more than an allegation of entitlement to relief, but must "show" entitlement with its facts.)

*Judgment as to Liability*

If, on the other hand, the Debtor is seeking a ruling as to liability, subject matter jurisdiction is much less clear. Such a request is not within this Court's core jurisdiction. While a bankruptcy court has core jurisdiction over objections to claims that is not what is involved here: Sallie Mae has not filed a claim. It did not file one in the Chapter 13 proceeding and because this is a no asset Chapter 7 case, it will not be filing one now. Neither is the Debtor seeking affirmative relief: its alternative request is a declaration

that it owes Sallie Mae nothing; it is not asking for a monetary award. Thus, the outcome of the dispute with Sallie Mae will not affect the bankruptcy estate. Accordingly, to the extent that Debtor seeks a ruling on the merits, it is not within the court's jurisdiction. Sallie Mae's motion is granted in that regard as well.[6]

*Summary*

The Debtor's Complaint to Determine Dischargeability is dismissed without prejudice. The Debtor may file an amended complaint within 20 days of the date of entry of this order which is consistent with this Opinion.

An appropriate Order follows.

By the Court:

*/s/ Stephen Raslavich*

_____

Stephen Raslavich
United States Bankruptcy Judge

Dated: May 22, 2013

---

[6] This renders moot Sallie's Mae's argument that the suit should be dismissed against because the claim is subject to arbitration. *See* Supplemental submission.

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| DAVID J. MOTT AND | : |
| CYNTHIA L. MOTT | : |
| DEBTOR(S) | : BANKRUPTCY NO. 12-19082 |
| DAVID J. MOTT | : |
| PLAINTIFF(S) | : |
| VS. | : |
| SALLIE MAE SERVICES | : |
| DEFENDANT(S) | : ADVS NO. 13-0011 |

# ORDER

**AND NOW,** upon consideration of Sallie Mae Services, Inc.'s Motion to Dismiss Adversary Proceeding for Lack of Subject Matter Jurisdiction, the Plaintiff's Response thereto, after hearing held, it is hereby:

**ORDERED,** that for the reasons contained in the within Opinion, the Adversary Proceeding is dismissed without prejudice and that the Plaintiff may file an amended pleading consistent with this ruling within 20 days of the date of entry of this order.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated: <u>May 22, 2013</u>
Interested Parties:

<u>Counsel for Debtors</u>:
David W. Mersky, Esquire
CLYMER & MUSSER, PC
408 West Chestnut Street
Lancaster, PA 17603

<u>Counsel for Sallie Mae</u>:
William J. Becket, Esquire
BECKET & LEE LLP
16 General Warren Blvd
P.O. Box 3001
Malvern, PA 19355
wbecket@becket-lee.com

**United States Trustee**
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Nancy Mulvehill, Courtroom Deputy to Judge Raslavich